PHILIP DIETZ, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 5803.    Promulgated August 8, 1927.

1. On the evidence, *held*, that certain expenditures made prior to April 1, 1916, alleged to have been for " buildings " and " equipment," the nature of which is not disclosed, can not be classified as capital expenditures, and depreciation thereon is not allowable.

2. In the absence of evidence as to useful life of a well, depreciation can not be allowed.

3. Depreciation on horses and wagons which is reflected through inventory can not be allowed as a separate deduction.

*R. M. O'Hara, Esq.*, for the petitioner.
*J. E. Marshall, Esq.*, for the respondent.

This proceeding is for the redetermination of deficiencies asserted by the Commissioner for the calendar years 1917, 1918, 1919, and 1920, in the amounts of $4,419.11, $8,204.79, $2,990.49, and $3,256.19, respectively. The petitioner filed a return for the fiscal year ended March 31, 1917, and also a return for the period from April 1, 1917, to December 31, 1917. The income determined for the fiscal year was prorated on the basis of sales to the period beginning April 1, 1917, and ending December 31, 1917, giving the income for the calendar year 1917. There are involved in this proceeding only such parts of the deficiencies as result from certain alleged errors on the part of the Commissioner. The errors alleged are as follows:

1. The Commissioner has, in arriving at the allocable income for the three-month period from January 1, 1917, to March 31, 1917, and for each of the succeeding calendar years, disallowed as a capital expenditure for the purpose of depreciation, the amount of $6,481.56.

2. The Commissioner has failed to allow depreciation on horses and wagons used by the petitioner in his business.

#### FINDINGS OF FACT.

The petitioner is an individual engaged at Brooklyn, N. Y., as an ice and coal merchant and manufacturer of ice, and was so engaged during the years 1916 to 1920, inclusive.

The petitioner kept a separate set of books for the coal business and for the ice business. The petitioner's books show that during the period from July 19, 1915, to March 31, 1916, he expended the amount of $6,432.33 on the following items:

Buildings_____ $1,067.27
Equipment_____._____ 3,390.89
Well construction_____ 1,973.70

The item for well construction was for a new well used in the ice business. The well, about 60 feet deep, was walled with brick, and a tube equipped with a strainer extended into the ground from the bottom thereof. No part of the brick wall or the tube has been replaced. The water capacity of the well has diminished in some degree since it was sunk and it has been in operation for about ten years.

The petitioner carried on his books for each of the years in question, an inventory of horses and wagons. The loss or gain, if any, was ascertained by evaluating the horses and wagons on hand at the opening of the year, adding thereto purchases made during the year and then subtracting therefrom the closing evaluation of horses and wagons. In each of the years in question a loss was shown on the inventory and was deducted from gross income by the petitioner. For the years 1917 and 1918, depreciation on horses and wagons was reflected in the losses shown on the inventory and deducted from gross income and allowed by the Commissioner. For the years 1919 and 1920, the inventory was made up in the same manner as for 1917 and 1918.

The petitioner on his income-tax returns for the years 1917, 1918, 1919, and 1920, in addition to the losses on account of horses and wagons taken as a deduction from gross income for those years, claimed depreciation on this account.

Upon audit of the petitioner's income-tax returns, the Commissioner disallowed as a deduction from gross income as a business expense for the year 1917, the amount of $6,432.33 on the ground that such expenses were applicable to the period prior to April 1, 1916. For each of the years 1917, 1918, 1919, and 1920 the Commissioner disallowed depreciation claimed on horses and wagons.

### OPINION.

LOVE: The petitioner now contends that the amount of $6,432.33 disallowed as a deduction for expenses during the year 1917, constitutes a capital expenditure prior to that period and should be included in the petitioner's assets for the purpose of depreciation for all of the years involved herein.

At the hearing conducted in this appeal no evidence whatever was adduced to show the nature of the expenditure made with respect to and classified on petitioner's books as buildings and equipment. Simply because of this classification on the books we can not assume that the expenditures were made for capital assets. For all we know, the equipment may have had a life of only one year and the expenditure classified as "building" may have been for repairs not of a capital nature. These expenditures, therefore, under the showing made, are not properly allocable to capital assets.

The expenditure of $1,973.70 for well construction, in our opinion, was for a capital asset. However, the evidence with respect to the depreciation of this asset is very unsatisfactory. It was shown that the well had been in operation for about ten years and during that time no further expenditures had been made on it. It was further shown that its water capacity had diminished in some degree since it was sunk but that it is still in use. Upon this showing we are unable to fix the rate of depreciation thereon, for like Jacob's well of old, it may last indefinitely. This asset may, therefore, be one which, by its very nature, is not depreciable.

With respect to the second error alleged, the petitioner admitted and the evidence shows that the depreciation claimed on horses and wagons was reflected for the years 1917 and 1918, in the losses shown on the inventory of that account, which losses were allowed by the Commissioner as a deduction from gross income for those years. For the years 1919 and 1920, losses shown on the inventory of horses and wagons were also deducted from gross income for those years and the deduction allowed by the Commissioner. The petitioner was unable to state whether depreciation on horses and wagons was for 1919 and 1920, as it was in the former years, reflected in the losses shown in the inventory of horses and wagons. In the absence of affirmative evidence to the contrary, we must approve the Commissioner's determination in disallowing depreciation thereon.

*Judgment will be entered for the respondent.*

Considered by SMITH and LITTLETON.